**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL MONTIEL,

Defendant-Appellant.

No. 07-2112
(D.C. No. 06-CR-1788-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Manuel Montiel appeals his conviction on a jury verdict of possession with

intent to distribute 50 grams or more of methamphetamine. Mr. Montiel's

counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and

moves for leave to withdraw as counsel. For the reasons set out below, we grant

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel's motion to withdraw and dismiss the appeal, *see id.* at 744 (directing dismissal of appeal upon finding case "wholly frivolous").

*Background*

On May 31, 2006, as he was driving on Interstate 25 in New Mexico, Mr. Montiel was stopped for speeding. In checking the law-enforcement computer system to verify Mr. Montiel's documents, the police officer learned that the pickup truck was registered to Mr. Montiel and that his driver's license had been suspended. The officer also learned that Mr. Montiel's vehicle had passed through a checkpoint at the Mexican border about two hours earlier. When the officer asked Mr. Montiel if he had driven from Mexico, he denied it until confronted with the information to the contrary. Then Mr. Montiel said his brother must have taken his truck into Mexico, even though the driving time from the checkpoint to the traffic-stop location was about two hours.

At that point, Mr. Montiel suggested that the officer search his truck. A drug dog was obtained and it alerted to the front of the truck. Officers then discovered 348 grams of methamphetamine wrapped in cellophane and concealed in the truck's engine compartment. Further searching revealed a glass pipe of the type used for ingesting methamphetamine in the truck bed and over $1800 in cash on Mr. Montiel's person. Laboratory testing of the substance found in the truck showed that 87.7 grams of it was pure methamphetamine.

Mr. Montiel was taken to the local sheriff's department. Because the facility did not have a cell for holding detainees, Mr. Montiel and an officer stood in the hallway while another officer completed paperwork. During that time, Mr. Montiel asked the officer, "Who ratted on me?" R. Vol. 4, at 54. When told that no one had, he said that he did not believe that because he had been stopped before, but the items had not been found. *Id.*

Mr. Montiel was charged with possession with intent to distribute 50 grams or more of methamphetamine. Following a jury trial at which he did not testify, he was convicted as charged. In this appeal, Mr. Montiel has responded to the *Anders* brief, arguing that his attorney prevented him from testifying despite his desire to do so and that his attorney provided ineffective assistance.[1] He also seeks different appellate counsel.

*Discussion*

We deny Mr. Montiel's request for different appellate counsel. We have fully examined the proceedings as required by *Anders* and conclude that the appeal is without merit. First, as counsel points out, the record shows that the evidence was sufficient to sustain the guilty verdict. Second, both of Mr. Montiel's arguments are based on claims of ineffective assistance of counsel, which should be brought in collateral proceedings, not on direct appeal.

---

[1]     Counsel says Mr. Montiel does not want to appeal his sentence of 120 months' incarceration to be followed by five years' unsupervised release. Mr. Montiel's pro se brief does not challenge the sentence.

"To sustain a conviction for possession with intent to distribute, the government must prove that (1) the defendant possessed the controlled substance; (2) knew that he had it; and (3) possessed it with the intent to distribute it." *United States v. Ramirez*, 479 F.3d 1229, 1249 (10th Cir. 2007) (quotation omitted), *petition for cert. filed* (U.S. Sept. 10, 2007) (No. 07-7189). "Possession may be either active or constructive . . . ." *United States v. Triana*, 477 F.3d 1189, 1194 (10th Cir.) (quotation omitted), *cert. denied*, 127 S. Ct. 2928 (2007). The government may show constructive possession "where the defendant has the power to exercise control or dominion over the item" or has "an appreciable ability to guide the destiny of the drug." *Ramirez*, 479 F.3d at 1250 (quotations omitted). "[A] jury may infer intent to distribute from the possession of large quantities of drugs." *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1131 (10th Cir. 2004). We review the evidence de novo when evaluating its sufficiency, "taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government." *Triana*, 477 F.3d at 1194.

We first conclude that the evidence was sufficient to establish that Mr. Montiel possessed the drugs and knew he possessed them. They were located in a pickup truck registered to him that he was driving at the time of discovery, and there was a drug pipe in the truck. Moreover, his statement to the police officer that he did not believe that no one had alerted the authorities because he

had avoided discovery before indicates that he knew the drugs were in his vehicle.

We further conclude that the evidence was sufficient to show that Mr. Montiel intended to distribute the methamphetamine. The quantity of drugs was sufficient for the jury to infer that he intended to distribute them. As a police officer testified, the amount was far too much to be intended for personal use. *See* R. Vol. 4 at 65 ("[n]ot even close" to being a personal-use amount). In addition, the large amount of cash Mr. Montiel was carrying supported an inference that he was in the drug-distribution business. *See Minner v. Kerby*, 30 F.3d 1311, 1316 (10th Cir. 1994) (stating "relatively large mount of cash" supported finding that defendant intended to distribute drugs he possessed). Accordingly, we agree with Mr. Montiel's counsel that a challenge to the sufficiency of the evidence is frivolous.

We turn to Mr. Montiel's claims that his attorney prevented him from testifying despite his desire to do so and that his attorney provided ineffective assistance. We have held that a right-to-testify claim is to be treated as an ineffective-assistance-of-counsel claim. *Cannon v. Mullin*, 383 F.3d 1152, 1170 (10th Cir. 2004). Therefore, we conclude that all of the issues raised in Mr. Montiel's pro se brief concern the ineffective assistance of counsel, claims that "should be brought in collateral proceedings rather than on direct appeal from a conviction." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). This is so "to ensure that we are provided with a developed factual record of the

events." *Id.* Consequently, we dismiss Mr. Montiel's claims of ineffective assistance of counsel. *See id.* (holding such claims "presumptively dismissible") (quotation omitted).

*Conclusion*

Mr. Montiel's request for different counsel on appeal is DENIED. His counsel's motion to withdraw is GRANTED. His claims of ineffective assistance of counsel are DISMISSED because they were not properly brought in this direct appeal. His remaining claims are DISMISSED as frivolous.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge